UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

DARRELL LAMONT ROBINSON,
　　　　　　*Defendant-Appellant.*

No. 01-4046

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-00-139)

Submitted: June 29, 2001

Decided: July 12, 2001

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Bruce C. Sams, SAMS & SCOTT, P.C., Norfolk, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, James Ashford Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Darrell Lamont Robinson appeals his conviction and 120-month custodial sentence subsequent to his jury trial on charges of violating 18 U.S.C. §§ 371 (conspiracy to receive, possess and conceal stolen firearms and ammunition), 922(j) (possession of stolen firearms and ammunition), and 922(g)(9) (possession of a firearm and ammunition by a person convicted of a misdemeanor crime of domestic violence). For reasons stated herein and upon our careful review of the briefs and joint appendix, we affirm.

On appeal, Robinson claims the district court abused its discretion in admitting several rounds of ammunition seized upon his arrest as evidence under Fed. R. Evid. 404(b). However, Robinson's not guilty plea placed his intent to conspire to steal and possess firearms and ammunition at issue, and the contested evidence was offered for that purpose, rather than to demonstrate criminal character. Additionally, the type of rounds seized matched the caliber of several weapons stolen as a result of the conspiracy charged, indicating the evidence was both probative as to a necessary element of the crimes charged and reliable. *See United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). In light of the proximity of the rounds to Robinson at the time of his arrest, and evidence indicating Robinson possessed similarly calibered rounds on at least one other occasion, there is little risk of unfair prejudice to Robinson. *See id.* Accordingly, we find there was a sufficient basis for admitting the rounds as evidence under Rule 404(b).

Robinson also challenges the sufficiency of the evidence to sustain his conviction on one count of conspiring to possess firearms and ammunition, and four counts of disqualified possession of firearms and ammunition. However, as to the conspiracy charge, at least two co-conspirators testified at trial as to both Robinson's instigation and

furtherance of the conspiracy. Specifically, these individuals testified that Robinson invited them to a residence he knew to contain fire-arms, and told them specifically where they were located and how they could be taken. These witnesses also testified as to Robinson's involvement in removing the firearms from the premises, and subse-quent distribution of those weapons among the conspirators. Because a conspiracy may be "proved wholly by circumstantial evidence," and a common purpose and plan "may be inferred from a development and collocation of circumstances," we find there is sufficient evidence to sustain Robinson's conviction as to the conspiracy count. *See United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996) (en banc) (internal quotation omitted).

Robinson further challenges the sufficiency of the evidence under-lying his conviction on four counts of possessing firearms and ammu-nition. However, there is sufficient evidence to indicate Robinson's actual or constructive possession of firearms and ammunition on the dates alleged in the conspiracy, as witnesses testified Robinson drove the getaway car and kept one gun stolen as part of the conspiracy, and a police officer offered unchallenged testimony that she later wit-nessed Robinson dispose of a magazine of ammunition. *See United States v. Gallimore*, 247 F.3d 134, 137 (4th Cir. 2001); *United States v. Blue*, 957 F.2d 106, 107 (4th Cir. 1992) (allowing Government to demonstrate constructive possession by showing "ownership, domin-ion or control" over the vehicle in which the contraband was con-cealed). Accordingly, we find these arguments meritless.

Finally, Robinson asserts the computation of his offense level over-states his criminal conduct, as the two instances in which he was alleged to have possessed firearms and ammunition each yielded a pair of possession charges, and that his indictment therefore violates this court's holding in *United States v. Dunford*, 148 F.3d 385, 388 (4th Cir. 1998). However, because only one count in each pair is predicated on 18 U.S.C.A. § 922 (West 2000), rather than both, *Dun-ford* is inapplicable. *See* 145 F.3d at 388. Accordingly, because Rob-inson's sentence otherwise comports with the requirements of the Sentencing Guidelines, *see United States Sentencing Guidelines Man-ual* §§ 1B1.3, 2K2.1 (2000), we find this argument to be meritless as well.

In light of the foregoing, we affirm Robinson's conviction and sentence, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*